UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MARVIN CHARLES GABRION II,

        Defendant.
_____/

File No. 1:99-CR-76

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

This capital criminal case has been remanded from the Sixth Circuit Court of Appeals for "such further proceedings" as this Court determines are "appropriate to fully develop the record on subject matter jurisdiction." (Docket # 672). In connection with these proceedings the Court must consider whether Defendant should be physically present at the hearing.

The question of a criminal defendant's presence at criminal proceedings against him are governed by Rule 43 of the Rules of Criminal Procedure. Rule 43 provides that a defendant must be present at the initial appearance, the initial arraignment, the plea, every trial stage, including jury impanelment and the return of the verdict, and sentencing. FED. R. CRIM. P. 43(a). The Advisory Committee Notes to the 1944 adoption of Rule 43 explained that the principle requiring the defendant's presence at arraignment and trial "does not apply to hearings on motions made prior to or after trial." FED. R. CRIM. P. 43 Advisory

Committee Notes (1944 adoption) (citing *United States v. Lynch*, 132 F.2d 111 (2d Cir. 1942) ("We do not understand that the right of a defendant to be present in court throughout his trial has ever been considered to embrace a right to be present also at the argument of motions prior to trial or subsequent to verdict.").

In light of the background and text of Rule 43 the Sixth Circuit held in *United States v. Burke*, 345 F.3d 416, 422 (6th Cir. 2003), that Rule 43 did not require a defendant's physical presence at a pre-trial suppression hearing. *Id.* at 422. Moreover, the Court noted that the same was true even with respect to post-trial evidentiary hearings. *Id.* at 423. In *United States v. Boyd*, 131 F.3d 951 (11th Cir. 1997), the Eleventh Circuit held that Rule 43 did not entitle a defendant to attend a post-trial evidentiary hearing: "The rule does not mention post-trial proceedings, and in fact the Advisory Committee's note to the original enactment notes that the principle behind the rule 'does not apply to hearings on motions made prior to or after trial.'" *Id.* at 953.

The constitutional dimensions of a defendant's right to be present at criminal proceedings must also be considered, including the Sixth Amendment Confrontation Clause and the Fifth Amendment Due Process Clause. *United States v. Gagnon*, 470 U.S. 522, 526 (1985); *Burke*, 345 F.3d at 425-26. "The central concern of the Confrontation Clause is to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact." *Maryland v. Craig*, 497 U.S. 836, 845 (1990). "The right to confrontation is basically a trial right. It includes

both the opportunity to cross-examine and the occasion for the jury to weigh the demeanor of the witness." *Barber v. Page*, 390 U.S. 719, 725 (1968).

A defendant has a due process right to be present at a proceeding "whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge. . . . [T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *Gagnon*, 470 U.S. at 526-27 (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 105-06 (1934)). The Supreme Court noted in *Snyder* that "[n]owhere in the decisions of this court is there a dictum, and still less a ruling, that the Fourteenth Amendment assures the privilege of presence when presence would be useless, or the benefit but a shadow." *Id*. at 106-07. In *United States v. Lampton*, 158 F.3d 251 (5th Cir. 1998), the Fifth Circuit held that the defendants' absence during a new trial motion did not violate their rights under the constitution or under Rule 43 because their presence was not required for a fair resolution of the issues addressed at the hearing. *Id.* at 255. No factual issues were addressed at the post-trial motion hearing about which the defendants could testify and neither defendant identified any manner in which their presence could have assisted in their defense. *Id.*

The hearing at issue in this case is a post-trial hearing on the narrow issue of the court's subject matter jurisdiction over certain federal forest land. This is a legal issue. Defendant was convicted of murder within the special maritime and territorial jurisdiction of the United States in violation of 18 U.S.C. § 1111. The question of whether a particular

3

parcel of property, in this case the Manistee National Forest, is within the special maritime and territorial jurisdiction of the United States is a question of law for the Court. *See United States v. Prentiss,* 206 F.3d 960, 967 (10th Cir. 2000) ("While the court may determine, as a matter of law, the existence of federal jurisdiction over a geographic area, whether the locus of the offense is within that area is an essential element that must be resolved by the trier of fact."). The hearing will not address Defendant's guilt, innocense or punishment. The hearing will not address any factual issues about which Defendant could testify or assist counsel. Defendant's presence does not have a reasonably substantial relation to his opportunity to defend against the charge. Accordingly, the Court finds that Defendant does not have a constitutional right to be present at this hearing.

Defendant has been convicted of murder and has been sentenced to death. He is currently in the custody of the Bureau of Prisons, and is housed in maximum security at USP Terre Haute in Terre Haute, Indiana. The jury unanimously found beyond a reasonable doubt that Defendant's future dangerousness was an aggravating factor supporting a sentence of death. In light of Defendant's established risk of violence, the public has an interest in avoiding the security risks that would attend the transportation of Defendant hundreds of miles from the secure facility in which he is housed. The public also has an interest in avoiding the expenditure of the substantial resources that would be required to secure Defendant's physical presence for this hearing.

Based upon its prior dealings with Defendant, this Court is well aware of Defendant's history of obstreperous behavior in the courtroom. Such behavior could threaten the ability of the Court and counsel to focus their attention on the narrow legal issue before the Court.

On the other side of the issue, the Court is well aware of Defendant's desire to be present at this hearing, and the Court appreciates Defendant's interest in being informed of the progress of the legal proceedings in his case. The Court is satisfied Defendant's interests can be accommodated without sacrificing the Court's compelling concerns regarding security, cost, and orderly proceedings. The Court has confirmed that the prison facility where Defendant is housed can provide Defendant with a live audio and video feed from the courtroom so that Defendant can follow the proceedings without interrupting them. The facility can also make it possible for defense counsel to contact Defendant during the course of the hearing. Accordingly,

**IT IS HEREBY ORDERED** that Defendant will not be physically present for the post-trial hearing on subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Defendant will be provided a live audio and video feed from the courtroom so that he can follow the proceedings and a means by which counsel can contact him.

Date:   May 23, 2006            /s/ Robert Holmes Bell
                                ROBERT HOLMES BELL
                                CHIEF UNITED STATES DISTRICT JUDGE