UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                    File No. 1:99-CR-76

v.

                                    HON. ROBERT HOLMES BELL

MARVIN CHARLES GABRION, II,

       Defendant.
                                  /

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR RECONSIDERATION**

       This matter comes before the Court on Defendant's objections to order and request for reconsideration of this Court's decision to deny Defendant the opportunity to be physically present at the hearing on subject matter jurisdiction.

       Defendant contends that contrary to this Court's determination, this hearing does come within the scope of the Rule 43 right to be present. Although this hearing is temporally "post-trial," Defendant contends that because subject matter jurisdiction is an element of the offense, this hearing differs from typical collateral hearings on admissibility of evidence or whether a new trial should be granted, and must be viewed as a part of the trial itself. Defendant also contends that this Court's conclusion that this hearing does not address Defendant's guilt, innocense or punishment was erroneous.

The Court is not persuaded by Defendant's reasoning. Whether property is within the special maritime and territorial jurisdiction of the United States is a question of law for the Court. *United States v. Prentiss*, 206 F.3d 960, 967 (10th Cir. 2000). While this legal issue could have been raised in a pretrial motion, that does not bring it within the scope of Rule 43's right to be present at trial. Moreover, this Court stands by its statement that this hearing will not address the Defendant's guilt, innocense, or punishment. This motion, like a motion to suppress evidence or a motion for new trial, may have an impact on Defendant's conviction or punishment, but that does not bring the hearing within the scope of Rule 43.

Defendant raises a number of additional reasons why his presence at the hearing would be appropriate or advisable, including his interest in the issue of jurisdiction, his desire to proceed *pro se*, his paranoia regarding actions taken by counsel in his absence, and to enable the Court to evaluate his current competency to represent himself. The Court is not convinced that any of these considerations merit a reversal of the prior determination. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's objections to order and motion to reconsider decision to deny Gabrion the opportunity to be physically present at the hearing on subject matter jurisdiction (Docket # 694) is **DENIED**.


Date:      June 7, 2006                 /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        CHIEF UNITED STATES DISTRICT JUDGE