UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

       File No. 1:99-CR-76

       HON. ROBERT HOLMES BELL

MARVIN CHARLES GABRION, II,

       Defendant.
       _____/

**O P I N I O N**

This matter comes before the Court on Defendant's motion for discovery and request to continue hearing date. While it appears that the parties have mutually resolved many of the discovery issues,[1] several disputes remain that require resolution by the Court.

**a. Access to Forest Service Employees**

Defendant has requested access to nine United States Forest Service ("USFS") employees at the Manistee National Forest with information relevant to the subject matter jurisdiction issue. According to the government, Defendant has advised that he wishes to interview these individuals about the history of the Manistee National Forest, the means by which all land in the forest was obtained, the history of law enforcement in the Michigan

---

[1] Based upon the Defendant's discovery status report and the government's response, it appears that requests b, c, e, f, g, h, i, j, k, m, o, p, and q have been resolved, agreed to, or are no longer at issue given the government's factual representations.

national forests, including the scope of cooperation with Michigan state law enforcement, history of cooperation with Michigan state authorities on all aspects of the Manistee National Forest, their interpretation of maps and land atlases, their knowledge of other federal criminal prosecutions alleged to have been committed on Michigan national forests, and their understanding, training and implementation of jurisdictional issues between the federal and state governments and why it is that they believe the federal government has concurrent jurisdiction.

The government objects to the request on the basis that it is irrelevant and not provided for in FED. R. CRIM. P. 16. According to the government, the issue of jurisdiction, which is a question of law for the court to decide, is not dependent on the history of the forest, the history of law enforcement, the acquisition of other parcels, or the opinions of forest service employees.

In light of the significance of the jurisdictional issue in this case, the Court is inclined to allow the Defendant greater discovery than is ordinarily available in criminal prosecutions. The Court agrees with the government's contention that the opinions of individual Forest Service employees in 2006 is not relevant to the issue of the government's intent in acquiring the Oxford Lake parcel in 1939. Nevertheless, the Court believes Defendant must be given a full and fair opportunity to interview those Forest Service employees who have personal knowledge relating to the history of the Manistee Forest or to documents that may be relevant to the jurisdiction assumed, retained or relinquished since the Oxford Lake parcel was

acquired in 1939 that would impact the federal court's jurisdiction over the Oxford Lake parcel in 1997. Such interviews shall be scheduled when the government attorneys may be in attendance.

**d. Forest Service Manuals**

Defendant has requested access to and copies of all Forest Service manuals dealing with federal jurisdiction on Forest Service land and in particular, the Manistee National Forest. The government has provided the Eastern Region Law Enforcement Plan currently in effect at Manistee and has directed Defendant to a website where much of this information can be reviewed. Defendant wants to review the manuals at the Cadillac offices of the USFS in order to be certain of obtaining and reviewing the entire and correct documents. The government objects to giving Defendant unrestricted access to a government office merely because he "thinks" he may be able to locate more than he has found on the website.

The Court will allow Defendant access to the manuals that are at the Cadillac office of the USFS if he identifies the requested documents sufficiently in advance so that the documents can be retrieved by the custodians.

**l. Legal Opinions, Memoranda and Discussions**

Defendant has requested access to and copies of any and all USDA , USFS, and DOJ legal opinions, memoranda or discussions about the jurisdictional status of Manistee National Forest lands, both before and after February 1, 1940. The government objects to the request on the basis of privilege and because Rule 16 specifically does not authorize the discovery

of internal government documents made in connection with investigating or prosecuting the case. Defendant responds that the government has not shown that the documents fit within any of the asserted privileges and further asserts that he seeks production of the documents on the grounds that they will be reflective of the intent of the United States regarding jurisdiction. Defendant contends that the government should at least be required to reveal the documents to the Court for a ruling on privilege.

Although documents produced in the course of litigation are not discoverable, FED. R. CRIM. P. 16(a)(2), Rule 16 does not preclude discovery of documents developed in the course of the operation of the forest. The Court does not know the nature of the documents at issue. Certainly, the opinions and impressions of individual employees expressed in internal documents does not reflect the intent of the United States. Nevertheless, if there are internal documents that have in fact been relied on as the policy of the Forest Service, those documents could well be relevant to this debate. On the other hand, internal discussions preparatory to the making of policy would not be relevant. The government shall review such documents as may be at issue with this guidance in mind and provide Defendant with any internal documents that may be characterized as the *de facto* policy of the Forest Service.

### n.  Records of Felony Prosecutions

Defendant has requested records of all felony federal prosecutions pertaining to criminal offenses alleged to have been committed on USFS lands in the Western District of Michigan. The government objects on relevance grounds and has advised that it cannot

4

locate a formal listing of any such prosecutions since the forests were established. Defendant continues to seek production and requests that the Court order production.

The relevance of the number and character of federal prosecutions on USFS lands in the Western District to the issue of jurisdiction to prosecute is questionable. Nevertheless, the Court believes that Defendant should be allowed to be given such information to make such use of the information as it can. Notwithstanding the lack of a formal listing of any such prosecutions, the Court is satisfied that the government can, without much effort, make an informal inquiry and provide Defendant with at least a preliminary determination of its results.

**Adjournment**

Defendant has requested an adjournment of the June 14, 2006, hearing date in order to proceed with discovery. The Court will grant an adjournment, but requires the parties to proceed with diligence in light of the fact that Defendant's appeal is being delayed by this remand. The June 14, 2006 hearing on jurisdiction will be adjourned to July 21, 2006 at 9:30 a.m.

**40 U.S.C. § 255 Notices**

Defendant has also filed a supplemental motion for discovery and production of documents relevant to whether 40 U.S.C. § 255 notices were filed for those Manistee Forest lands acquired subsequent to the enactment of 40 U.S.C. § 255. The government has acknowledged that because it does not possess records of notice filings for the Manistee

5

National Forest, "it must be conclusively presumed at this time that no jurisdiction was accepted for those post-1940 parcels."  It appears that Defendant's supplemental motion has been answered and that no further order from this Court is required.

An order consistent with this opinion will be entered.

Date:     June 7, 2006             /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE